**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY FABIAN,

                Plaintiff,

  v.                                                9:16-cv-22
                                                        (TJM/TWD)

DUBREY, et al.,

                Defendants.

---

**Thomas J. McAvoy, SR. U.S.D.J.**

# ORDER

      Before the Court is a Court Motion to dismiss the action against Defendant J. Collins for failure to serve process within the time required by Federal Rule of Civil Procedure 4(m). See dkt. # 33.

      Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under this rule, the Court may dismiss a complaint for failure to serve *sua sponte*, but only after providing the plaintiff with notice. Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002). Providing such notice permits a plaintiff to "[attempt] to show good cause for his failure to serve process within the" time required by the Rule. Id.

1

On August 4, 2017, the Court filed the instant motion, noting that Defendant J. Collins had not been served within the time required by the Federal Rules. See dkt. # 33. The Court directed Plaintiff to show good cause by September 1, 2017 for why the case against Collins should not be dismissed for failure to prosecute. Id. Plaintiff wrote the Court on August 16, 2017 to request an extension of time to respond to the Order to Show Cause. See dkt. # 34. The Court granted this motion on August 18, 2017. See dkt. # 35. Plaintiff responded to the Court's order on August 28, 2017. See dkt. #37. His response, however, did not address the problem with service, but instead explained the underlying facts of the case. Id. This response does not provide the Court with sufficient information to determine whether good cause exists for failure to serve.

On November 17, 2017, the Court declined to dismiss the action against J. Collins. Noting the Plaintiff's *pro se* status and the fact that a dismissal would likely be fatal to Plaintiff's claims against Collins on statute of limitations grounds, the Court provided Plaintiff with an additional thirty days to respond to the Order to Show Cause. See dkt. # 38. The Court warned Plaintiff that failure to respond to the Order to Show Cause could lead the Court to dismiss the case against Collins. Id.

The Clerk of Court mailed the Order to Plaintiff's last-known address, a state facility. On November 27, 2017, that mail was returned as undeliverable. See dkt. # 39. The Clerk's search of the New York Department of Corrections and Community Supervision ("DOCCS") inmate locator revealed that Plaintiff had been paroled on September 26, 2017. Local Rule 10.1(c)(2) provides that "**[a]ll attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" L.R.

10(1)(c)(2) (emphasis in original). Plaintiff has not notified the Court of his change of address, even though he has clearly moved.

Due to the Plaintiff's failure to serve Defendant J. Collins with the Complaint, Plaintiff's failure to provide the Court with good cause for his failure to serve Defendant J. Colllins with the Complaint, and Plaintiff's failure to provide a current address as required by the Court's rules, the Court will GRANT the Court Motion to Dismiss. See dkt. # 33. Defendant J. Collins is hereby DISMISSED from the case WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: February 20, 2018

*Thomas J. McAvoy* (signature)
Thomas J. McAvoy
Senior, U.S. District Judge